■ JAMES CONWAY et al., as Administrators of the Estate of MARY L. CONWAY, Deceased, et al., Respondents, v. MARSH & McLENNON, INC., et al., Defendants, and W. J. BARNEY, INC., Appellant.— Order entered October 21, 1969 unanimously reversed, on the law, without costs and without disbursements, and defendant-appellant's motion for summary judgment dismissing the complaint granted, without prejudice to an application by the plaintiffs at Special Term, if so advised, for leave to serve an amended pleading based upon a cause of action not barred by Statutes of Limitations. The inquiry is not whether this 1962 action is barred by the two-year limitation period applicable to an action for wrongful death (Decedent Estate Law, § 130) nor whether it is barred by the three-year Statute of Limitations applicable to personal injuries resulting from negligence (CPLR 214). The question is whether the plaintiff administrators' action can withstand the thrust of the appellant's motion that as a matter of law an action in implied warranty will not lie against it as a general contractor for recovery of damages sustained by employees of the Telephone Company. It is alleged that the appellant as general contractor participated in the installation and maintenance of a boiler which exploded, resulting in the death of the two employees. While the traditional privity limitation has been dispensed with in the case of a manufacturer as to a remote purchaser of his product, an employee of a purchaser may not maintain an action for breach of implied warranty against one who was not the manufacturer of the article or of its parts, who was not the vendor of the article, who was not charged

764

(May 14, 1970)

■ TRAVELERS INSURANCE COMPANY, Respondent, v. LAW RESEARCH SERVICE, INC., Appellant.— Order entered January 16, 1970 which denied defendant's motion for a renewal of a motion by plaintiff for summary judgment unanimously affirmed, without costs and without disbursements. Costs and disbursements have been denied because the record suggests no reason why this action was not brought in the Civil Court (see *Chemical Bank New York Trust Co.* v. *Batter*, 31 A D 2d 802; *Midtown Commercial Corp.* v. *Kelner*, 29 A D 2d 349, 351). Concur — Capozzoli, J. P., McGivern, Markewich, Nunez and Steuer, JJ.

with its inspection and who made no representation with regard to it. Strict liability by way of an action for breach of implied warranty may not be imposed upon appellant general contractor. Exercising but supervisory powers, over subcontractors, the general contractor may not be held to be an insurer of a component part of a building with respect to personal injuries sustained by those not parties to the construction contract. (*Foran* v. *Marsh & McLennan*, 29 A D 2d 857; *Addeo* v. *Metropolitan Bottling Co.*, 39 Misc 2d 474, affd. 20 A D 2d 967; *Vulpis* v. *City Line Lbr. Co.*, 39 Misc 2d 842, affd. 19 A D 2d 947; Prosser, Torts [3d ed.], § 98; 51 N. Y. Jur., Sales, § 157.) Although it does not appear from the instant record, our opinion in *Foran* v. *Marsh & McLennan* (*supra*) granting summary judgment to this same appellant in another action growing out of the same boiler explosion, discloses that the boiler was installed in 1955. The plaintiffs having been injured and having died on October 3, 1962, and this action having been brought in 1968, the action would seem to be time-barred (*Mendel* v. *Pittsburgh Plate Glass Co.*, 25 N Y 2d 340). Concur — Stevens, P. J., Eager, Capozzoli and Tilzer, JJ.